# Exhibit B

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
### Return of Grievance or Correspondence

Offender: __Woodley__, __Stephon__ ____ __R13908__
     Last Name    First Name  MI  ID#

Facility: __Dixon__

☒ Grievance: Facility Grievance # (if applicable) __17-4-6(x+1)__ Dated: __(4)__ or ☐ Correspondence: Dated: _____
Received: __5/12/17__ Regarding: __visual aids, asst.__

---

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**
- ☐ Provide your original written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.
- ☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal; if timely.
- ☐ Provide dates when incidents occurred.
- ☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board
    Office of Inmate Issues
    1301 Concordia Court, Springfield, IL 62794-9277

**Misdirected:**
- ☐ Contact your correctional counselor or Field Services regarding this issue.
- ☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.
- ☐ Contact the Record Office with your request or to provide additional information.
- ☐ Personal property and medical issues are to be reviewed at your current facility prior to review by the Administrative Review Board.
- ☐ Address concerns in a letter to: Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, IL 62706

**No further redress:**
- ☐ Award of Supplemental Sentence Credits are discretionary administrative decisions; therefore, this issue will not be addressed further.
- ☐ Administrative Transfer denials are discretionary administrative decisions; therefore, this issue will not be addressed further.
- ☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.
- ☐ Administrative Review Board received the appeal 30 days past date of Chief Administrative Officer's decision; therefore, this issue will not be addressed further.
- ☒ This office previously addressed this issue on __16-8-39 . (6/7/17) visual aids .__
- ☒ No justification provided for additional consideration.

Other (specify): __aide/asst has been approved + records reflect you have.__

Completed by: __Sherry Benton__    __S. Benton__    __8/8/17__
    Print Name        Signature      Date

Distribution: Offender
     Inmate Issues

*Printed on Recycled Paper*

DOC 0070 (Rev.5/2017)

IDOC000413

ILLINOIS DEPARTMENT OF CORRECTIONS
# RESPONSE TO OFFENDER'S GRIEVANCE

### Grievance Officer's Report

Date Received: May 3, 2017        Date of Review: May 3, 2017        Grievance # (optional): 17-4-6 (x4)

Offender: Woodley, Stephon        ID#: R13908

Nature of Grievance: Personal Property, Staff Conduct, Medical Treatment, ADA Disability Accommodation, HIPAA, Other

**Facts Reviewed:** This Facility ADA Coordinator has reviewed all pertinent records of this offender's history at the Dixon Correctional Center and has been able to establish the following chronology relating to ADA accommodations and contact with the Facility ADA Coordinator. This offender previously wrote Grievance 16-11E-15 on 11-08-16 which was later referred by Clinical Services to the Facility ADA Coordinator for a response which was provided on 01-13-17. The full content of the requests made and the Facility ADA Coordinator's response will not be repeated as it may be referenced in full. That response concluded by advising that the facility's ADA process had already made available to the offender all accommodations for the visually impaired which are presently possible through the ADA process and that the offender would be receiving further attention from the facility's Healthcare Unit. Since the time of that grievance response, the Facility ADA Coordinator has learned that the offender has been examined by a Wexford specialist as arranged by the HCU. It is also understood that this specialist has recommended additional equipment to assist the offender which is in the process of being provided by Wexford. The Facility ADA Coordinator has no detail on the equipment prescribed or the process by which it is being ordered as that his being handled entirely by the HCU and Wexford staff. The offender later submitted a DOC0286 – Offender Request dated 01-16-17 for a talking watch which is a standard accommodation provided by the ADA Office and was issued to the offender on 01-22-17. The offender also submitted a DOC0286 – Offender Request dated 03-09-17 in part for the assistance of an ambulatory aid. This service is not handled by the Facility ADA Coordinator but was forwarded to the Assignment Office on behalf of the offender on 03-14-17. The Facility ADA Coordinator has, as a result of this grievance, followed-up with the Assignment Office and confirmed that the offender has been receiving the assistance of an ambulatory aid for several weeks. The offender has since made no further requests which would be handled by the Facility ADA Coordinator.

**Recommendation:** Based on all available information, this Facility ADA Coordinator is reasonably satisfied that the equipment requested by the offender will provide needed assistance but that it is beyond the scope of what the ADA process is capable of obtaining. Because of this, the offender was referred to the Healthcare Unit which is capable of prescribing more advanced equipment, and it is understood that the HCU still working to acquire medically prescribed devices to best assist the offender.

Max Blackburn - ADA Coordinator
Print Grievance Officer's Name        Grievance Officer's Signature

(Attach a copy of Offender's Grievance, including counselor's response if applicable)

### Chief Administrative Officer's Response

Date Received: 5/4/17    ☒ I concur    ☐ I do not concur    ☐ Remand

Comments:

RECEIVED
MAY 1 3 2017
ADMINISTRATIVE REVIEW BOARD

Chief Administrative Officer's Signature        5/4/17
Date

### Offender's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Stephon Woodley        R13908        5-9-17
Offender's Signature        ID#        Date

Distribution: Master File; Offender        Page 1        DOC 0047 (Rev. 3/2005)

IDOC000414

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

| Date: March 09, 2017 | Offender: (Please Print) Woodley, Stephon | ID#: R13908 |
|---|---|---|
| Present Facility: Dixon Corr. Center | Facility where grievance issue occurred: Dixon Corr. Center | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [x] Medical Treatment
- [x] ADA Disability Accommodation
- [ ] HIPAA
- [ ] Other (specify): ADA Title 2, Section 504

- [ ] Disciplinary Report: ___/___/___ Date of Report, Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): This grievance is based upon discrimination of rights of the ADA Title II Section 504, Rehabilitation Act By Sonja Nicklaus (Program Warden). Warden Nicklaus, informed my loved one Sonya Wilson, (Medical Release form Authorize) via. telephone, that I would be scheduled for an eye appointment, also they discussed the reasonable ADA Accommodation under the ADA and Rehabilitation Act that I submitted a request in writing. I was seen by Dr. Faye, Dixon C.C. Eye doctor on 2/25/2017., at 9:45am, He wrote a referral for visual aids for reading, distance, and mobility depth precepttion to accommodate my visual disability, Legally Blind caused by Macular Degeneration. Dr. T. Chamberlain, (Medical Director) also noted my OVER

Relief Requested: ADA Title II Section 504, allow me the reasonable accommodation under the ADA and the Rehabilitation Act, that's sufficient to my disability

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Offender's Signature: Stephon Woodley   ID# R13908   Date 3/9/17

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 3/13/17   [ ] Send directly to Grievance Officer   [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: As of date, per ADA Coordinator HCU advised they would be ordering a telescopic device and illuminated magnifier. The Assignment Office also confirmed that an ambulatory aid has been approved for you.

D. Garland CCII   [signature]   3/24/17
Print Counselor's Name / Counselor's Signature / Date of Response

RECEIVED MAY 12 2017 ADMINISTRATIVE REVIEW BOARD

---

**EMERGENCY REVIEW**

Date Received: ___/___/___   Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____   ___/___/___
Chief Administrative Officer's Signature   Date

Distribution: Master File; Offender   Page 1   IDOC000415

Printed on Recycled Paper

Cont.

condition in the medical charts along with U.I.C. Vision Specialist. Without these visual accommodations I am being denied equal access to educational programs and therapeutic services...

IDOC000416

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE

| Date: March 09, 2017 | Offender: (Please Print) Woodley, Stephon | ID#: R13908 |
|---|---|---|
| Present Facility: Dixon Corr. Center | Facility where grievance issue occurred: Dixon Corr. Center | |

NATURE OF GRIEVANCE:

- [ ] Personal Property
- [X] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [X] Medical Treatment
- [X] ADA Disability Accommodation
- [X] HIPAA
- [ ] Other (specify): ADA Title 7, Section 504

17-4-6

- [ ] Disciplinary Report: ___/___/___ Date of Report _____ Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete; Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): This grievance is based upon staff misconduct and discrimination of the ADA Title II Section 504, by Max Blackburn ADA Coordinator. On the date of 2/25/2017., at a 9:45am routine scheduled eye exam appointment with Dr. Faye, (Dixon C.C. Eye Doctor). Dr. Faye, wrote doctors note stating the status of my disability caused by Stargardts Dystrophy- Macular Degeneration, Legally Blind. Dr. Faye, also wrote a Doctor's referral for visual aids for near reading, far distance, depth perception mobility. Verifying that prescription lenses do not correct my vision and the sheet magnifier issued by Max Blackburn, was insufficient in helping my sight. Dr. Tim Chamberlain, Dixon C.C. Medical Director noted this in the medical OVER

Relief Requested: ADA Title II Section 504, allow me the reasonable accommodation under the ADA and the Rehabilitation Act, that's sufficient to my disability.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Offender's Signature: [signature]   ID#: R13908   Date: 3,9,17

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: 3,13,17   [ ] Send directly to Grievance Officer   [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: As of date, Per ADA Coordinator, HCU advised they would be ordering a telescopic device and illuminated magnifier. The Assignment Office also confirmed that an ambulatory aid has been approved for you.

Print Counselor's Name: O'Carland CCII   Counselor's Signature: [signature]   Date of Response: 3,24,17

**EMERGENCY REVIEW**

Date Received: ___/___/___   Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency response
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature _____ Date ___/___/___

RECEIVED MAY 1 3 2017

Distribution: Master File; Offender   Page 1   IDOC0004417

Cont.

charts as well. On the date of 2/28/2017., I returned the magnifier and submitted in writing a request for the visual aids referred by Dr. Faye, via housing unit #60 counselor Garland. Without these Accommodations I am denied equal access to educational programs, therapeutic services, and benefits of H.I.P.P.A. I also submitted in writing for an Ambulatory Aid/Assistant. Max Blackburn, has not addressed any of these issues and has previously discriminated against my disability writen in grievance #16-11E-15 and 16-8-39. I signed medical release form for Max Blackburn, I am violating Dixon C.C. rule, IDOC directives, and HIPPA, because Max Blackburn, has me paying other inmates to read, see, and assist me. His misconduct has compromised me...

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE

| | | |
|---|---|---|
| Date: March 09, 2017 | Offender: (Please Print) Woodley, Stephon | ID#: R13908 |
| Present Facility: Dixon Corr. Center | Facility where grievance issue occurred: Dixon Corr. Center | |

NATURE OF GRIEVANCE:

17-4-6

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [x] Medical Treatment
- [x] ADA Disability Accommodation
- [ ] HIPAA
- [x] Other (specify): ADA Title II Section 504

- [ ] Disciplinary Report: ___/___/___ Date of Report _____ Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
  Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  Chief Administrative Officer, only if EMERGENCY grievance.
  Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): This grievance is based upon discrimination of rights of the ADA Title II Section 504, Rehabilitation Act by Amber Allen (HCU Administrator. Ms. Allen, informed my loved one Sonya Wilson, (Medical Release form Authorize) via. telephone, that I would be scheduled for an eye appointment, also they discussed the reasonable ADA Accommodation under the ADA and Rehabilitation Act, that I submitted a request in writing. I was seen by Dr. Faye, Dixon C.C. Eye doctor on 2/25/2017., at 9:45am. He wrote a referral for visual aids for reading, distance, and mobility depth preception to accommodate my visual disability, Legally Blind caused by Macular Degeneration. Dr. T. Chamberlain, (Medical Director) also noted my condition in OVER

Relief Requested: ADA Title II Section 504, allow me the reasonable accommodation under the ADA and the Rehabilitation Act, that's sufficient to my disability.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_Stephon Woodley_ R13908 3, 9, 17
Offender's Signature          ID#          Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 3, 13, 17
- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: As of date, per ADA Coordinator, HCU advised they would be ordering a telescopic device and illuminated magnifier. The assignment office also confirmed that an ambulatory aid has been approved for you.

P Garland CCII _____ _signature_ 3/24/17
Print Counselor's Name    Counselor's Signature    Date of Response

RECEIVED

---

**EMERGENCY REVIEW**

Date Received: ___/___/___  Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated.
Offender should submit this grievance in the normal manner.

MAY 1 2 2017
ADMINISTRATIVE
REVIEW BOARD

_____ ___/___/___
Chief Administrative Officer's Signature    Date

Distribution: Master File; Offender         Page 1         IDOC000419  DOC 0046 (8-2012)
Printed on Recycled Paper

Cont.

the medical charts along with U.I.C. Vision Specialist. Without these visual accommodations, I am being denied equal access to educational programs and therapeutic services...

Cont.

IDOC000420

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE

| | | |
|---|---|---|
| Date: March 09, 2017 | Offender: (Please Print) Woodley, Stephon | ID#: R13908 |
| Present Facility: Dixon Corr. Center | Facility where grievance issue occurred: Dixon Corr. Center | |

NATURE OF GRIEVANCE:

- [ ] Personal Property
- [X] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [X] Medical Treatment
- [X] ADA Disability Accommodation
- [ ] HIPAA
- [ ] Other (specify): ADA Title II Section 504

- [ ] Disciplinary Report: ___/___/___
  Date of Report       Facility where Issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): This grievance is based upon the discrimination of the disability rights of ADA Title II Section 504, by warden John Varga, Chief Administrator. On the date of 2/25/2017., at 9:45am routine scheduled eye exam appointment with Dr. Faye, Dixon C.C. Eye Doctor. Dr. Faye, wrote doctor's notes and doctor's referral for visual aids that accommodate my Legally Blind disability caused by Macular degeneration. John Varga, had signed and concurred with the negligent misconduct of his staff members which was discriminative for my reasonable ADA Accommodation and the Rehabilitation Act... Grievance #16-11E-15 & 16-8-39. Dr. Faye, Tim Chamberlain and U.I.C. Specialist verified that prescription lenses do not aid my OVER

Relief Requested: ADA Title II Section 504, allow me the reasonable accommodation under the ADA and the Rehabilitation Act, that's sufficient to my disability.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Offender's Signature: [signed]  ID# R13908  Date 3,9,17

(Continue on reverse side if necessary)

---

Counselor's Response (If applicable)

Date Received: 3,13,17
- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277 Springfield, IL 62794-9277

Response: As of date, per ADA Coordinator, HCU advised they would be ordering a telescopic device and illuminated magnifier. The Assignment office also confirmed that an ambulatory aid has been approved for you.

D. Garland CCII       [signature]       3/24/17
Print Counselor's Name   Counselor's Signature   Date of Response

---

EMERGENCY REVIEW

Date Received: ___/___/___       Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

RECEIVED MAY 1 2 2017 ADMINISTRATIVE REVIEW BOARD

_____       ___/___/___
Chief Administrative Officer's Signature       Date

Distribution: Master File; Offender       Page 1       IDOC000421
Printed on Recycled Paper

Cont.

disability, only visual aids. The information that John Varga, recieved was misleading and false information about my disability provided by Max Blackburn ADA Coordinator and Nurse Nikki McCluskey. Warden Varga, had concurred with the discrimination of the ADA Title II, because I don't have access to educational programs, therapeutic services and benefits of HIPPA. Because I am not able to read and see material without aids. Other inmates have to read confidential medical documents or records as well as financial documents. I have to violate Dixon C.C. rules and IDOC directives because I have to pay other inmates to read and assist me...