# **Defendant Wexford Health Sources, Inc. and Dr. Ritz's Motion to Consolidate Exhibit 7:**

**Plaintiff's *Woodley I* - 26(a)(1) Disclosures**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

Stephon Woodley,

        Plaintiff,

    v.

John Baldwin *et al.*,

        Defendants.

Case No. 3:18-cv-50050

Judge Philip G. Reinhard

Magistrate Judge Iain D. Johnston

## PLAINTIFF'S INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1) Plaintiff Stephon Woodley, through his undersigned counsel, makes the following initial disclosures:

**Rule 26(a)(1)(A)(i):** <u>Persons likely to have discoverable information</u>. The following persons are likely to have discoverable information that Plaintiff may use to support his claims:

    **1.**    **Plaintiff Stephon Woodley**

Plaintiff Stephon Woodley is likely to have discoverable information about the visual condition at issue in this case, the impact of his visual condition and the defendants' alleged conduct on the conditions of his imprisonment in this case, the treatments and accommodations (or lack of same) for his condition, and the injuries he has suffered as a result of the misconduct alleged in his complaint. He may be contacted through counsel.

    **2.**    **David Woodley**

David Woodley is Plaintiff's father. He can be contacted through counsel. He is likely to have discoverable information about Plaintiff's condition during his incarceration, and his condition since being released from prison.

1



EXHIBIT
7

### 3.   Dr. Joan Stelmack

Dr. Stelmack is likely to have discoverable information about the nature of Plaintiff's visual impairment, her assessment of Plaintiff's needs in light of his impairment, her prescription of visual aids in light of his impairment, and the Defendants' response to her prescription. She may be contacted through her employer, the University of Illinois-Chicago Low Vision Clinic.

### 4.   John Varga

John Varga is the warden of Dixon CC. He is likely to have discoverable information about the IDOC's responses to Plaintiff's grievances, as well as the failure to provide Plaintiff with the visual aids he needed for his condition.

### 5.   Max Blackburn

Max Blackburn was an ADA coordinator at Dixon CC. He is likely to have discoverable information about Plaintiff's visual condition, Plaintiff's requests for visual aids, the Defendants' response to Plaintiff's requests for visual aids, and their policies with respect thereto.

### 6.   Patrick Keane

Mr. Keane was the ADA coordinator for the IDOC. He is likely to have discoverable information about Plaintiff's visual condition, Plaintiff's requests for visual aids, the Defendants' response to Plaintiff's requests for visual aids, and their policies with respect thereto.

### 7.   Niki McCluskey

Niki McCluskey is a healthcare provider at Dixon CC. She is likely to have discoverable information about Plaintiff's requests for visual aids and the defendants' response thereto, and their policies with respect thereto.

### 8. Amber Allen

Amber Allen is an administrative employee at Dixon CC. She is likely to have discoverable information about Plaintiff's requests for visual aids and the defendants' response thereto, and their policies with respect thereto.

### 9. Dr. David Hicks

Dr. Hicks was a doctor at Dixon CC. He treated Plaintiff for his visual impairment and is likely to have knowledge about Plaintiff's visual impairment and the failure to obtain visual aids for the impairment.

### 10. Dr. Chamberlin

Dr. Chamberlin was a doctor at Dixon CC. He treated Plaintiff for his visual impairment and is likely to have knowledge about Plaintiff's visual impairment and the failure to obtain visual aids for the impairment.

### 11. Dr. Faye

Dr. Faye was a doctor at Dixon CC. He treated Plaintiff for his visual impairment and is likely to have knowledge about Plaintiff's visual impairment and the failure to obtain visual aids for the impairment.

### 12. Dr. Ritz

On information and belief Dr. Ritz is an employee of defendant Wexford. He is likely to have discoverable information about Wexford's response to Plaintiff's request for visual aids and Wexford's policies with respect to providing such aids.

### 13. Dr. Bautista

On information and belief Dr. Bautista is an employee of defendant Wexford. He is likely to have discoverable information about Wexford's response to Plaintiff's request for visual aids and Wexford's policies with respect to providing such aids.

### 14. Keith Stevenson

Mr. Stevenson is an IDOC employee. He has knowledge of Plaintiffs' eligibility to take courses while incarcerated at Dixon CC.

### 15. Michael Jardon

Mr. Jardon is legal counsel for the IDOC. He is likely to have discoverable information about the defendants' response a 2017 letter from Equip for Equality identifying the IDOC's failure to provide Plaintiff with visual aids.

### 16. Amanda Antholt

Amanda Antholt works for Equip for Equality, and can be contacted through her employer. She is likely to have discoverable evidence about Equip for Equality's efforts in 2017 to advocate for Plaintiff and the provision of visual aids to Plaintiff.

### 17. Wexford Health Sources, Inc.

Defendant Wexford Health Sources, Inc. ("Wexford") is represented by Bollinger Connolly Krasuse, LLC. Through corporate representatives Wexford is likely to have discoverable information about Plaintiff's medical condition, his need for visual aids, the failure of defendants to provide Plaintiff with visual aids, and the defendants' policies and procedures with respect to the provision of such aids.

### 18. The Illinois Department of Corrections

The Illinois Department of Corrections was Plaintiff's jailer. It is represented by the Illinois Attorney General's Office. Through corporate representatives it is likely to have

discoverable information about Plaintiff's visual impairment, the Plaintiff's requests for visual aids, the defendants' failure to provide visual aids, the impact of this failure on Plaintiff, and the administrative context in which the events alleged in the complaint occurred.

19. **All witnesses identified in the Rule 26(a)(1) disclosures of defendants Baldwin, Varga, and Keane.**

20. **All witnesses identified in defendant Wexford's Rule 26(a)(1) disclosures.**

**Rule 26(a)(1)(A)(ii):** <u>Documents and tangible things.</u> Plaintiff may use the following documents and tangible things to support his claims. These documents are in possession of Plaintiff's counsel.

- Photographs of Mr. Woodley's legs while in the IDOC.

- All documents that have been produced by the parties in this case including medical records, grievance records, and records of correspondence.

- All documents that have been appended to pleadings in this case.

**Rule 26(a)(1)(A)(iii).** <u>Calculation of damages.</u> Plaintiff has not quantified all damages, but will seek recovery of compensatory damages for the pain, suffering, and emotional injuries suffered as a result of the misconduct described in the complaint, as well as income lost as a result of the misconduct described in the complaint.

Plaintiff also claims punitive damages sufficient to punish the defendants for their conduct and to serve as an example or warning to the defendants and others not to engage in similar conduct in the future.

Plaintiff also claims reasonable costs and attorneys' fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205, 29 U.S.C. § 794a(b) and all other applicable laws. These costs and fees continue to accrue as the case progresses.

Plaintiff's investigation continues, and he will supplement this disclosure if additional information becomes available.

5

**Rule 26(a)(1)(A)(iv).** <u>Insurance Coverage</u>. Plaintiff is not aware of any claims made against him and he does not possess insurance applicable to this action.

October 25, 2018

/s/ Stephen H. Weil

Stephen H. Weil – steve@weilchardon.com
Alexis G. Chardon – ali@weilchardon.com
Weil & Chardon LLC
333 S. Wabash Avenue, Suite 2700
Chicago, IL 60604
(312) 585-7404

*Attorneys for Plaintiff Stephon Woodley*

## CERTIFICATE OF SERVICE

I, Stephen Weil, certify that on October 25, 2018 I sent a copy of the foregoing to the following counsel of record in this case via email:

Edward M. Brener
Assistant Attorney General
General Law Bureau
100 W. Randolph St., 13th Floor
Chicago, IL 60601
(312) 814-5159
ebrener@atg.state.il.us

Robert Steven Tengesdal
Bollinger Connolly Krause LLC
500 West Madison Street
Suite 2430
Chicago, IL 60661
(312) 253-6200
rtengesdal@bollingertrials.com

Francisco Javier Espinosa
Bollinger Connolly Krause LLC
500 W. Madison St., Ste. 2430
Chicago, IL 60661
13122536200
fespinosa@bollingertrials.com

/s/ Stephen H. Weil